IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MANUEL IZQUIERDO CADERO,
and all others similarly situated
under 29 U.S.C. §216(b),

    Plaintiff,

vs.

CAPITOL SECURITY SERVICES INC,
a Florida profit corporation,
SECURITY SERVICES OF AMERICA, INC.,
a Florida profit corporation,
MANUEL LOPEZ, individually, and
JORGE L. ONDINA, individually,

    Defendants.
_____/

## **COMPLAINT**

*Collective Action Pursuant to 29 U.S.C. §216(b)*

Plaintiff, MANUEL IZQUIERDO CADERO ("Cadero"), and all others similarly situated, by and through undersigned counsel, hereby files this Complaint against CAPITOL SECURITY SERVICES INC ("CSS"), SECURITY SERVICES OF AMERICA, INC. ("SSA"), MANUEL LOPEZ ("Lopez"), individually, and JORGE L. ONDINA ("Ondina"), individually (collectively hereinafter referred to as "Defendants"), and alleges as follows:

1 | P a g e

**PERERA ALEMÁN, P.A.**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## Introduction

1. This is an action by Plaintiff, and those similarly situated, against Defendants for damages in connection to claims for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff, and those similarly situated, seek money damages, reasonable attorneys' fees and costs, and all other remedies allowable by law.

## Parties, Jurisdiction and Venue

3. Plaintiff is a former employee of Defendants and, at all times relevant, worked for Defendants in Miami-Dade County, Florida.

4. Defendant CSS is a Florida profit corporation that conducted business in Miami-Dade County, Florida at all times relevant.

5. Defendant SSA is a Florida profit corporation that conducted business in Miami-Dade County, Florida at all times relevant.

6. Defendant Lopez is over the age of eighteen, a resident of Miami-Dade County, and is otherwise *sui juris*.

7. Defendant Ondina is over the age of eighteen, a resident of Miami-Dade County, and is otherwise *sui juris*.

8. At all times relevant, Defendant Lopez was and is an owner and operator of Defendant CSS.

9. At all times relevant, Defendant Ondina was a manager and operator of Defendant SSA.

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

10. At all times relevant, Defendants were Plaintiff's direct employers, joint employers, and/or co-employers based on shared operations, financials, and use/control of employees like Plaintiff and those similarly situated.

11. Venue is proper in this Court because Defendants transact business and regularly perform services for consumers in this District, Defendants employed Plaintiff and those similarly situated in this District, and the claims arose within the District.

### A. Plaintiffs' Employment With Defendants.

12. Cadero began working for Defendants in or around April 2022.

13. Cadero's employment with Defendants ended on or about August 5, 2022.

14. During his employment with Defendants, Cadero regularly worked well over 40 hours a week for Defendants.

15. Defendants, however, never paid Cadero an overtime premium for his overtime hours worked as required by the FLSA.

16. Cadero was paid an hourly wage of $14 an hour during most of the relevant period.

17. In August of 2022, Defendants unilaterally lowered Cadero's hourly rate to $13 an hour from one day to another.

18. As a result, Cadero resigned from his employment on August 5, 2022.

3 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

19. Upon Cadero's resignation, Ondina told Cadero that if he didn't give Defendants a 2-week notice, he would get paid only $10 an hour instead of his regular rate of $14 an hour for the hours not yet compensated by Defendants.

B. **Defendants' Business and Interstate Commerce.**

20. The joint, primary purpose of the corporate Defendants CSS and SSA (the "Corporate Defendants") is the provision of residential, industrial, and construction-related security services.

21. The Corporate Defendants share common ownership.

22. The Corporate Defendants share management.

23. The Corporate Defendants share employees.

24. The Corporate Defendants share a telephone number.

25. Under information and belief, the gross revenue for the Corporate Defendants exceeded $500,000 annually during the relevant period.

26. During the relevant period, the Corporate Defendants customarily and regularly bought and sold goods that crossed state lines.

27. The Corporate Defendants each employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

28. Upon information and belief, the Corporate Defendants all obtained and solicited funds from non-Florida sources, accepted funds from non-Florida

4 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

29. Upon information and belief, the Corporate Defendants all accept checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida and did so during the relevant period.

30. All Defendants are employers engaged in interstate commerce and subject to the FLSA.

31. All Defendants were Plaintiff's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

C. **Factual Allegations Regarding Defendants' Illegal Payment Practices.**

32. At all times relevant, Defendants engaged in an unlawful scheme to avoid their FLSA responsibilities by paying Plaintiff, and those similarly situated, his regular wages through Defendant SSA and his overtime wages at straight time through Defendant CSS.

33. At all times relevant, Defendants, failed to compensate Plaintiff, and those similarly situated, for his overtime hours worked at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

PERERA ALEMÁN, PA
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

D. **Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

34. During the relevant period, Defendants employed numerous other security services employees who worked overtime hours and were non-exempt under the FLSA.

35. There exists a class of non-exempt security services employees of Defendants that would benefit from becoming members of a class to recover due and owing wages.

**COUNT I**
**OVERTIME VIOLATION BY DEFENDANT CSS**
**UNDER THE FAIR LABOR STANDARDS ACT**

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

37. As part of its business, Defendant CSS purchased goods and materials that traveled through interstate commerce.

38. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

39. Upon information and belief, Defendant CSS obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

6 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

40. Defendant CSS, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

41. During his employment with Defendant CSS, Plaintiff, and those similarly situated, worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

42. Plaintiff, and those similarly situated, is owed unpaid overtime compensation pursuant to the FLSA.

43. In addition, Defendant CSS is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff, and those similarly situated, respectfully requests that the Court:

   a. Enter judgment for Plaintiff against Defendant CSS under the FLSA;

   b. Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

   c. Award Plaintiff actual damages for the unpaid overtime wages;

   d. Award Plaintiff liquidated damages;

   e. Award Plaintiff his attorneys' fees and costs;

   f. Award Plaintiff all recoverable interest; and

7 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

g. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATION BY DEFENDANT SSA
## UNDER THE FAIR LABOR STANDARDS ACT

44. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

45. As part of its business, Defendant SSA purchased goods and materials that traveled through interstate commerce.

46. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

47. Upon information and belief, Defendant SSA obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

48. Defendant SSA, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

49. During his employment with Defendant SSA, Plaintiff, and those similarly situated, worked overtime hours for which he was not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

PERERA ALEMÁN, PA
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

50. Plaintiff, and those similarly situated, is owed unpaid overtime compensation pursuant to the FLSA.

51. In addition, Defendant SSA is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff, and those similarly situated, respectfully requests that the Court:

   a. Enter judgment for Plaintiff against Defendant SSA under the FLSA;

   b. Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

   c. Award Plaintiff actual damages for the unpaid overtime wages;

   d. Award Plaintiff liquidated damages;

   e. Award Plaintiff his attorneys' fees and costs;

   f. Award Plaintiff all recoverable interest; and

   g. Award any other relief this Honorable Court deems just and proper.

**COUNT III**
**OVERTIME VIOLATIONS AGAINST DEFENDANT MANUEL LOPEZ**
**UNDER THE FAIR LABOR STANDARDS ACT**

52. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

53. Lopez operated the day-to-day activities of Defendant CSS's business, had supervisory authority over Plaintiff, had control/access to

PERERA ALEMÁN, PA
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff' wages.

54. Lopez scrutinized Plaintiff's work and controlled how Plaintiff did his job.

55. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over forty (40) hours per week.

56. During his employment with Defendants, Plaintiff and other similarly situated employees worked overtime hours for which they were not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

57. Lopez did not compensate Plaintiff and other similarly situated employees for their overtime despite knowledge of the overtime hours Plaintiff worked.

58. Lopez is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violations of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Lopez under the FLSA;

b. Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

c. Award Plaintiff actual damages for the unpaid wages;

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

    d.   Award Plaintiff liquidated damages;

    e.   Award Plaintiff his attorneys' fees and costs;

    f.   Award Plaintiff all recoverable interest; and

    g.   Award any other relief this Honorable Court deems just and proper.

## COUNT IV
## OVERTIME VIOLATIONS AGAINST DEFENDANT JORGE L. ONDINA UNDER THE FAIR LABOR STANDARDS ACT

59. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

60. Ondina operated the day-to-day activities of Defendant SSA's business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff' wages.

61. Ondina scrutinized Plaintiff's work and controlled how Plaintiff did his job.

62. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over forty (40) hours per week.

63. During his employment with Defendants, Plaintiff and other similarly situated employees worked overtime hours for which they were not compensated at a rate of no less than one-and-one-half their regular rates of pay as required by the FLSA.

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

64. Ondina did not compensate Plaintiff and other similarly situated employees for their overtime despite knowledge of the overtime hours Plaintiff worked.

65. Ondina is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violations of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

h. Enter judgment for Plaintiff against Ondina under the FLSA;

i. Enter an Order certifying a Class of putative, similarly situated members pursuant to the FLSA;

j. Award Plaintiff actual damages for the unpaid wages;

k. Award Plaintiff liquidated damages;

l. Award Plaintiff his attorneys' fees and costs;

m. Award Plaintiff all recoverable interest; and

n. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiffs hereby requests a trial by jury with respect to all claims so triable.

12 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Dated: October 6, 2022

          Respectfully submitted,

          ***/s/ J. Freddy Perera***
          J. Freddy Perera, Esq.
          Florida Bar No. 93625
          freddy@pba-law.com
          **PERERA ALEMÁN, P.A.**
          12505 Orange Drive,
          Suite 908
          Davie, Florida 33330
          Phone: 786.485.5232
          *Counsel for Plaintiff*

13 | P a g e

**PERERA ALEMÁN, PA**
12505 Orange Drive · Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232